CLARA R. SMIT, ESQ.
ATTORNEY AT LAW
100 HORIZON CENTER BOULEVARD
HAMILTON, NJ 08691
(732) 843-6600
ATTORNEY FOR THE PLAINTIFF

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTINE PARROTTE, | CIVIL ACTION NO.: |
| Plaintiff, | |
| v. | **COMPLAINT AND JURY DEMAND** |
| RAY SCOTTS DOCK, LLC. | |
| Defendant. | |

The plaintiff, CHRISTINE PARROTTE, residing at 15510 North Nemo Court, Bowie, Maryland by way of Complaint says:

I

### JURISDICTION

Jurisdiction of this court is invoked pursuant to The New Jersey Law Against Discrimination, N.J.S.A. 10:-5-1 et. seq. ("NJLAD") and the Americans with Disabilities Act, Title III, 28 USC 12181 et. seq. ("ADA").  This suit is authorized and instituted pursuant to the exercise of the police power of the State for the protection of the public safety, health, and morals and to promote the general welfare and fulfillment of the provision to the Constitution of the State of New Jersey and the United States of America guaranteeing civil rights.

II.

## PARTIES

1.  Plaintiff is profoundly deaf and communicates primarily through American Sign Language.

2.  Defendant Ray Scott's Dock, LLC is a limited liability company existing and authorized to conduct business under the laws of the State of New Jersey and is in the business of operating a boat marina that rents boats to the public at large and conducts other related business from its location at 9211 Amherst Avenue, Margate, New Jersey. Defendants advertises its services on the internet across state lines and is a public accommodation under the applicable anti-discrimination laws.

### III.
### Nature of Case

3.  On July 26, 1990, Congress enacted the ADA, establishing the most important civil rights for persons with disabilities in our country's history. This action is brought by plaintiff against the public boat marina that refused to rent a boat to plaintiff based solely on her hearing impairment and failing to provide or offer any reasonable accommodation for her disability. The plaintiff experienced humiliation and discrimination in violation of her civil rights through Defendant's policies and practices of discrimination on the basis of disability.

4.  This action asserts claims against the defendant pursuant to the NJLAD and the ADA, as well as other state and common law causes of action. In this action, plaintiff seeks money damages, declaratory relief, attorney's fees and costs and punitive damages.

### IV.
### FACTUAL ALLEGATIONS

5.  One of the most important parts of the ADA is Title III, entitled "Public Accommodations and Services Operated by Private Entities."  42 U.S.C. Section 12181 et seq.

6.  The NJLAD specifically prohibits discrimination based upon disability at N.J.S.A. 10:5-12.

7.  As relevant to the present action, discrimination includes the exclusion of individuals with disabilities due to their disability in the provision of services, programs and activities by a public accommodation

8. Defendant's boat marina constitutes a public accommodation within the meaning provided in each of the above laws.

9. Plaintiff was humiliated and treated like a non-person by Defendant. Defendant's actions resulted in plaintiff experiencing shame, anxiety, and fear and she lost the opportunity to celebrate her recent marriage to her partner.

10. In June of 2016, Plaintiff called Defendant several times to arrange for a pontoon boat rental in response to Defendant's advertising. Plaintiff made the phone calls with the aid of "Purple VRS," a service that facilitates telephone communication for the deaf. Ultimately, Plaintiff and Defendant agreed to terms for the boat rental and Plaintiff provided a $50 deposit in advance of the rental scheduled for August 5, 2016. The purpose of the boat rental was to celebrate Plaintiff's wife's 50th birthday. Plaintiff and her wife had just been recently married on July 26, 2016.

11. Plaintiff arrived at approximately 8:15 a.m. at Defendant's facility on August 5, 2016, to pick up the boat. She was presented with forms to sign, she provided a copy of her driver's license and provided the balance of the rental fee in cash. As she was being given instructions and being shown a map by one of Defendant's employees, she asked that the instruction be given in writing due to her hearing impairment. At this point, the employee indicated that he would have to check with owner if he should rent the boat to Plaintiff due to Plaintiff's hearing impairment. Plaintiff advised that she had driven boats in the past and that failure to rent the boat to her would be unlawful discrimination based on her disability. The Defendant then insisted that plaintiff was required to use a guide to drive the boat for them or she could not rent the boat solely due to her disability.

12. Each and all of the above acts, both of omission and commission, were intentional acts of discrimination and each and all were a proximate cause of the damages suffered by Plaintiff.

13. Defendant's willful, knowing and intentional discrimination against plaintiff was in violation of the NJLAD and the ADA and caused Plaintiff to suffer and continue to suffer mental and emotional pain and anguish.

## FIRST COUNT

### VIOLATION OF STATE and FEDERAL STATUTES

1. Plaintiff repeats and re-alleges all of the foregoing allegations as if set forth at length herein.

2. Defendant's alleged conduct is in violation of the NJLAD and the ADA.

WHEREFORE, Plaintiff prays that the court grant judgment against the defendant, jointly and severally for the following:

(a) Compensatory damages

(b) Cost of suit to include disbursements and attorneys' fees;

(c) Punitive damages; and

(d) Injunctive Relief on behalf of all similarly situated deaf individuals;

(e) Such other and further relief as this court sees fair and equitable.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Clara R. Smit, Esq., is hereby designated as trial counsel in this matter.

## CERTIFICATION

The matter in controversy is not the subject of any other action pending in any court or Arbitration proceeding and plaintiff does not contemplate any other action or Arbitration proceeding.

## JURY DEMAND

Plaintiff demands trial by jury of 6 persons.

CLARA R. SMIT, ESQ.<br>
Attorney for Plaintiff<br><br>
/s/ Clara R. Smit<br>
CLARA R. SMIT, ESQ.

Dated:  November 13, 2016